Jonathan Cohen
12975 Harwick Lane
San Diego, CA 92130
(858) 342-6950
jonathan@jonathancohen.net

**FILED**
May 18 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ melindajwilliams  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JONATHAN COHEN,

          Plaintiff,

v.

UNITED STATES COAST GUARD,

          Defendant.

Case No.: '23CV0912 JLS  KSC

COMPLAINT

1

## INTRODUCTION

Plaintiff is exploring military issues, military law and regulations, and aviation.

Plaintiff has submitted multiple requests to obtain information from military agencies. This action concerns one request for environmental documents from the U.S. Coast Guard.

Plaintiff has included a request for relief below. If the issues cannot be resolved with a friendly conference, Plaintiff will request a court order for the agency to proceed with the request as required.

## JURISDICTION

1. This court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question). This action arises under 5 U.S.C. § 552.

2. A district court shall not have jurisdiction of a civil action in which any party has been improperly or collusively made or joined to invoke the jurisdiction of such court. *See* 28 U.S.C. § 1359.

3. In a civil action under 5 U.S.C. § 552, this court may "enjoin the agency from withholding agency records" and "order the production of any agency records improperly withheld from the complainant." *See* 5 U.S.C. § 552(a)(4)(B).

4. In a civil action under 5 U.S.C. § 552, the court shall determine the matter de novo and the burden is on the agency to sustain its action. *See* 5 U.S.C. § 552(a)(4)(B).

## VENUE

5. Rules for the place of trial are published at Title 28, United States Code, section 1391. Venue is proper in the Southern District of California because Defendant is a federal agency, Plaintiff resides in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this district. *See* 28 U.S.C. § 1391(e).

## COURT RULES

6. Court rules for pleading in a civil action are published in the Federal Rules of Civil Procedure.[1] Additional court rules are available in this court's Local Rules.[2] Court rules for legal citations are published under Local Rule 5.1(l).[3]

## CONDUCT

7. The California Rules of Professional Conduct, for lawyers, are available on the State Bar of California website.[4] This court's Local Rules include a Code of Conduct with additional rules on professionalism.[5] The oath and duties of a California attorney are stated in the California Business and Professions Code.[6] The Code of Conduct for United States Judges is available on the U.S. Courts website.[7]

---

[1] *See, e.g.*, Fed. R. Civ. P. 8.
[2] CivLR 5.1.
[3] CivLR 5.1(l).
[4] Rules of Pro. Conduct (Sup. Ct. of Cal. approved 2018).
[5] CivLR 2.1.
[6] Cal. Bus. & Prof. Code §§ 6067, 6068.
[7] Code of Conduct for U.S. Judges (Jud. Conf. of the U.S. 2019).

## SERVICE

8. Service will be proper if Plaintiff sends a copy of the summons and complaint by certified mail to the U.S. Attorney General, the Civil Division at the Office of the United States Attorney for the Southern District of California, and the Commandant of the U.S. Coast Guard. Sending the papers to the Commandant is proper even if the challenged decisions occurred at the Coast Guard FOIA/PA Office.

## PARTIES

9. Plaintiff Jonathan Cohen resides in Carmel Valley, San Diego. Plaintiff is exploring military issues, military law and regulations, and aviation. Plaintiff has submitted multiple requests to obtain information from government agencies.

10. Defendant United States Coast Guard is a military service and a branch of the armed forces of the United States. The Honorable Admiral Linda L. Fagan is the Commandant of the Coast Guard. The U.S. Coast Guard currently operates as a service within the Department of Homeland Security. *See* 14 U.S.C. § 103. The primary duties of the Coast Guard are set forth in the United States Code at 14 U.S.C. § 102. Many U.S. Coast Guard regulations are codified at 33 C.F.R. § 1–199. Coast Guard orders and guidance documents are available on the agency website.

11. Department of Homeland Security FOIA procedures are codified in the Code of Federal Regulations at 6 C.F.R. Part 5. FOIA functions are delegated from the Commandant to offices throughout the U.S. Coast Guard. Some of the challenged decisions occurred at the Coast Guard Freedom of Information Act Office (FOIA/PA Office). Under the Federal Rules of Civil Procedure, Rule 17(d), the court may order the name of a Defendant officer to be added to the case.[8]

---

[8] *See* Fed. R. Civ. P. 17(d).

4

## FACTS
**If the 20-day time limits of 5 U.S.C. § 552(a)(6)(A) were applicable, the agency response to both the request and the appeal have not been timely. Plaintiff has not received the requested documents in over a year.**

12. On May 16, 2022, Plaintiff used the Department of Homeland Security online Public Access Link (PAL) to request information from the U.S. Coast Guard. Plaintiff requested environmental documents.

13. On May 16, 2022 (the same day), Plaintiff received acknowledgement emails from hq.dhs.gov that were signed by the Department of Homeland Security. The request was assigned tracking number 2022-CGFO-01620.

14. On May 17, 2022, Plaintiff received another acknowledgement email from the U.S. Coast Guard. The email was signed by the U.S. Coast Guard Freedom of Information Act / Privacy Act Office (FOIA/PA Office).

15. If the 20-day time limit of 5 U.S.C. § 552(a)(6)(A)(i) applied to this request, it had elapsed by June 14, 2022.

16. Between June 2022 and March 2023, Plaintiff may have missed phone calls from the U.S. Coast Guard Freedom of Information Act / Privacy Act (FOIA/PA) Office.

17. On October 7, 2022, Plaintiff called U.S. Coast Guard Sector San Diego at a designated phone number.

18. On March 13, 2023, Plaintiff called U.S. Coast Guard Sector San Diego at a designated phone number.

19. On April 7, 2023, Plaintiff submitted an appeal to the office of the Commandant of the Coast Guard (CG-6P) via U.S. Postal Service Certified Mail. The appeal challenged the agency response as not timely. The parcel was delivered on April 11, 2023.

20. On May 9, 2023, Plaintiff received an email from the U.S. Coast Guard Freedom of Information Act Office, Appeals Section. The appeal has been assigned tracking number 2022-CGAP-00017.

21. If the 20-day time limit of 5 U.S.C. § 552(a)(6)(A)(ii) applied to this appeal, it elapsed in the second week of May 2023.

22. Plaintiff has not received the requested documents, or a decision on the appeal, as of May 18, 2023.

## LEGAL ALLEGATIONS

23. Public Law 89-554 became law in 1966. The law was codified at 5 U.S.C. §§ 501–576. The law established a framework for federal administrative procedure.[9] The law included provisions related to Definitions (5 U.S.C. § 551), access to government information (5 U.S.C. § 552), Rule making (5 U.S.C. § 553), Adjudications (5 U.S.C. § 554), Hearings (5 U.S.C. § 556), Judicial review (5 U.S.C. §§ 701–706), and other subjects.

---

[9] *See generally* AN ACT To enact title 5, United States Code, "Government Organization and Employees", codifying the general and permanent laws relating to the organization of the Government of the United States and to its civilian officers and employees., Pub. L. No. 89-554, 80 Stat. 378 (Sept. 6, 1966).

24. Under 5 U.S.C. § 552, agencies of the federal government are required to provide certain government information to the public. Some categories of information should be disclosed automatically, and some categories of information should be disclosed in response to a request. *See generally* 5 U.S.C. § 552(a)(1), (a)(2), (a)(3). Some information is exempt from disclosure. *See* 5 U.S.C. § 552(b)–(c).

25. 5 U.S.C. § 552 is often referred to as the Freedom of Information Act even though Public Law 89-554 did not use the term FOIA.

26. In the Electronic Freedom of Information Act Amendments of 1996, Congressional findings stated that it is the purpose of 5 U.S.C. § 552 to require agencies of the federal government to make certain agency information available for public inspection and copying and to establish and enable enforcement of the right of any person to obtain access to records of such agencies, subject to statutory exemptions, for any public or private purpose.[10] Congress also provided that the purpose of the amendment was to "ensure agency compliance with statutory time limits."[11]

27. In the OPEN Government Act of 2007, Congress found that the Freedom of Information Act establishes a strong presumption in favor of disclosure, which Congress characterized as a fundamental "right to know".[12]

28. Under 5 U.S.C. § 552(a)(6)(A)(i), an agency typically has 20 days to respond after it receives a request.

---

[10] *See* Electronic Freedom of Information Act Amendments of 1996, Pub. L. No. 104-231, 110 Stat. 3048, 3048 (Oct. 2, 1996).
[11] *Id.*
[12] *See* OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, 2524–2525 (Dec. 31, 2007).

29. Under 5 U.S.C. § 552(a)(6)(A)(ii), an agency typically has 20 days to respond after it receives an appeal.

30. 5 U.S.C. § 552 does not provide any express affirmative defenses for an agency that does not respond to an appeal on a timely basis. However, Defendant may have a reasonable justification for the delay.

## CAUSE OF ACTION

31. Under 5 U.S.C. § 552, there is a cause of action or remedy to obtain from the court an order for production of requested records that have been improperly withheld.

## REQUEST FOR RELIEF

A. Plaintiff will request a friendly conference with Defendant's counsel to determine if the agency has constructively denied the request and appeal. Plaintiff would agree to a friendly conference, mediation, or a consent judgment.

B. If the parties cannot resolve the issues, Plaintiff intends to ask the court for the injunctive relief available under 5 U.S.C. § 552. Plaintiff would request a court order for the agency to respond to the request.

C. If Plaintiff prevails, Plaintiff will request costs and fees.

Respectfully submitted,

Jonathan Cohen

May 18, 2023