UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN COHEN,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES COAST GUARD,<br><br>                              Defendant. | Case No.: 23-CV-912 JLS (KSC)<br><br>**ORDER DENYING MOTION ON ISSUE OF RECUSAL**<br><br>(ECF No. 7) |

Presently before the Court is Plaintiff Jonathan Cohen's Motion on Issue of Recusal ("Mot.," ECF No. 7). Plaintiff requests that the undersigned be recused from this action because "Plaintiff has an immediate family member who held an externship position" in the undersigned's chambers "several years ago." Mot. at 4.

Pursuant to 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See also Harper v. Lugbauer*, No. C 11-01306 JW, 2012 WL 734167, at *1 (N.D. Cal. Mar. 6, 2012) ("[R]ecusal is appropriate where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" (quoting *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993))). "The alleged prejudice must result from an extrajudicial source." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). "Since a federal judge is presumed to be impartial, the

party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, No. C 07-00915 JW, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007). An "unsubstantiated suggestion of personal bias or prejudice" does not warrant recusal. *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).

Here, Plaintiff's relationship to an unidentified former extern of the undersigned does not reasonably call into question the undersigned's impartiality. According to Plaintiff, the unidentified former extern is not involved in this action, and "Plaintiff has never discussed the externship position with" the unidentified former extern. Mot. at 4. Even if the former extern were involved in this action, their former employment by the undersigned would not constitute grounds for recusal. *See Omni Innovations, LLC v. Smartbargains.com LP*, No. C06-1129JCC, 2009 WL 3248084, at *2 (W.D. Wash. Oct. 6, 2009) ("A rule barring former law clerks and externs, much less their entire law firms, from appearing in a particular court would be unreasonable and unjustified."); *In re Wisdom*, No. 11-01135-JDP, 2014 WL 2175148, at *3 (Bankr. D. Idaho May 23, 2014) ("Several courts have determined that the presiding judge need not recuse when a former law clerk appears as an attorney in the case, even when the clerkship terminated only a short time before."), *aff'd*, No. 1:14-CV-00497-EJL, 2015 WL 2371489 (D. Idaho May 18, 2015).

Plaintiff cites 28 U.S.C. § 455(b)(5) as grounds for the undersigned's recusal from this action. That statute requires recusal where "a person within the third degree of relationship" to a judge "[i]s a party to the proceeding, or an officer, director, or trustee of a party." 28 U.S.C. § 455(b)(5)(i). Because the undersigned knows the unidentified former extern, and the unidentified former extern is related to Plaintiff, the undersigned must recuse from this action, according to Plaintiff. But § 455(b)(5) refers to degrees of familial relations. *See Perpich v. Cleveland Cliffs Iron Co.*, 927 F. Supp. 226, 232 (E.D. Mich. 1996) ("As [§ 455(d)(2)] provides, the degree of relationship is to be determined according to the civil law system. Under the civil law system, the following persons are within the third degree of relationship: children; grandchildren; great-grandchildren; parents; grandparents; great-grandparents; uncles; aunts; brothers; sisters; nephews; and nieces."

(internal citation omitted)); *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, No. CV06-1381PHX-NVW, 2008 WL 169636, at *4 (D. Ariz. Jan. 16, 2008) (noting § 455(b)(5) refers to "familial relationship[s]"); *Silver State Intell. Techs., Inc. v. Google, Inc.*, No. 214-CV-00662-RCJ-VCF, 2014 WL 5017874, at *2 (D. Nev. Oct. 6, 2014) ("[B]rothers-in-law are considered to be within the third degree of relationship under 28 U.S.C. § 455(b)(5)."); *Conroy on behalf of Aflac, Inc. v. Amos*, 785 F. App'x 751, 755 (11th Cir. 2019) ("Plaintiffs identify no relative of Chief Judge Land who falls within the third degree of relationship. Accordingly, there was no reason for Chief Judge Land to recuse himself in this case."); *United States v. Quinones*, 201 F. Supp. 3d 789, 794 (S.D.W. Va. 2016) (discussing § 455(b)(5)'s mandated "disqualification based on familial relationship"). Plaintiff has adduced no facts demonstrating that the undersigned is related to the unidentified former extern; therefore, § 455(b)(5)'s mandate is inapplicable here.

In light of the foregoing, the Court **DENIES** Plaintiff's Motion on Issue of Recusal (ECF No. 7).

**IT IS SO ORDERED.**

Dated: July 17, 2023

Hon. Janis L. Sammartino
United States District Judge