ANDREW R. HADEN
Acting United States Attorney
Glen F. Dorgan
Assistant U.S. Attorney
California Bar No. 160502
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-6987
Fax: (619) 546-7751
Email: glen.dorgan@usdoj.gov

Attorneys for Defendant UNITED STATES COAST GUARD

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN COHEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES COAST GUARD,<br><br>Defendant. | Case No.: 3:23-cv-0912-JLS-KSC<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: November 16, 2023<br>Time: 1:30 p.m.<br>Dept: 4D (4th Flr) (Edward J. Schwartz Courthouse)<br>Judge: Hon. Janis L. Sammartino |

## I.     INTRODUCTION

Plaintiff seeks an order compelling Defendant United States Coast Guard to respond to his Freedom of Information Act (FOIA) request. On August 7, 2023, Defendant responded to the FOIA request, which Plaintiff accepted as fully responsive. As such, Plaintiff's claim is moot, and the Court should grant summary judgment for lack of subject matter jurisdiction.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2022, Plaintiff submitted a FOIA request to Defendant seeking documents that describe the policies of Sector San Diego concerning aviation noise. *See*

Declaration of Glen F. Dorgan ("Dorgan Decl."), ¶ 2. On May 18, 2023, Plaintiff initiated this action. *See* Complaint [ECF #1]. By his complaint, Plaintiff asserts one cause of action seeking "an order for production of [the] requested records" pursuant to 5 U.S.C. § 552.

On June 30, 2023, after Plaintiff filed his complaint, Defendant provided written correspondence to Plaintiff granting his FOIA request and enclosing responsive excerpts from Defendant's Sector San Diego Instruction 3710.1G. Dorgan Decl., ¶ 2. Plaintiff, upon receipt of the responsive documents, requested a full copy of Sector San Diego Instruction 3710.1G. *Id.*, ¶ 3. Accordingly, on August 7, 2023, Defendant provided a full copy of the Instruction, with appropriate redactions to protect privileged and protected information that was not responsive to Plaintiff's request. *Id*. On August 25, 2023, Plaintiff advised in writing that he accepted the redacted Instruction as fully responsive to his FOIA request. *Id.*, ¶ 4.

### III. LEGAL STANDARDS

#### A. Summary Judgment

Courts grant summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is defined as a fact that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is the burden of the moving party that seeks summary judgment to demonstrate an absence of a genuine issue of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, after the movant has met its burden, the non-movant "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

Federal courts have no authority "'to give opinions upon moot questions . . . which cannot affect the matter in issue in the case before it.'" *Morgan v. Berryhill*, 2019 WL 527449, *9 (S.D. Cal. Feb 11, 2019) (citing *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992)). When an agency "has performed the action sought

by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (citing *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)). Once a claim loses "its character as a present, live controversy," it is moot. *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). After the agency produces, even belatedly, the requested, non-exempt material, such production moots the claim. *Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986) (providing that Plaintiff's complaint for injunctive relief, directing the V.A. to provide the documents he requested, was mooted when the V.A. voluntarily mailed copies of the requested documents); *see also Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002).

### B.  FOIA

Due to the waiver of sovereign immunity, courts have jurisdiction under the FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The federal jurisdiction in such cases is based on a showing that the agency has: (1) "improperly" (2) "withheld" (3) "agency records." *Spurlock v. FBI,* 69 F.3d 1010, 1015 (9th Cir. 1995) (quoting *Kissinger v. Reporters Comm. for Freedom of Press,* 445 U.S. 136, 150 (1980)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *Spurlock*, 69 F.3d at 1015 (quoting *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)). Thus, the Court only has jurisdiction over agency documents that are improperly withheld. FOIA cases are typically decided on motions for summary judgment. *See Lane v. DOI*, 523 F.3d 1128, 1134 (9th Cir. 2008).

### IV.  ARGUMENT

Because all responsive documents have been produced, there is no remaining case or controversy in this case. *See* Dorgan Decl., ¶¶ 2-4. A federal court lacks subject

matter jurisdiction when a case is moot because the case and controversy requirement of Article III of the Constitution is not satisfied. *See Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548-49 (9th Cir. 1998). When the issue is no longer "live," there is no longer a legally acceptable interest in the outcome for the court to decide. *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1389 (9th Cir. 1985)). Because the Court lacks subject matter jurisdiction over Plaintiff's FOIA claim and, since there is no genuine issue of a material fact that exists in this case, the Defendant is entitled to judgment as a matter of law.

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion and issue judgment in favor of Defendant on the ground that Plaintiff has received the documents responsive to his FOIA request.

Dated:   September 15, 2023

Respectfully Submitted,

ANDREW R. HADEN  
Acting United States Attorney

*s/ Glen F. Dorgan*  
GLEN F. DORGAN  
Assistant United States Attorney

Attorneys for Defendant