TARA K. McGRATH
United States Attorney
Glen F. Dorgan
Assistant U.S. Attorney
California Bar No. 160502
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-6987
Fax: (619) 546-7751
Email: glen.dorgan@usdoj.gov

Attorneys for Defendant U.S. COAST GUARD

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN COHEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES COAST GUARD,<br><br>　　　　Defendant. | Case No.: 3:23-cv-0912-DMS-BLM<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: November 17, 2023<br>Time: 1:30 p.m.<br>Dept: 13A (13th Flr) (James M. Carter and Judith N. Keep Courthouse)<br>Judge: Hon. Dana M. Sabraw |

### I.　PLAINTIFF CONCEDES THIS ACTION IS MOOT.

Plaintiff concedes that (1) he has "received the requested documents from the Defendant;" (2) he "does not need the Court to order the Defendant . . . to provide the documents;" and (3) "the FOIA claim is now moot." Opposition [ECF #25], 2:2-5. Accordingly, Plaintiff's FOIA case is moot, and the Court should grant Defendant's Motion for Summary Judgment in favor of Defendant as a matter of law. *See Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (citing *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)) (When an

agency "has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot").

## II.  PLAINTIFF'S REQUEST FOR EAJA RELIEF IS PREMATURE

While Plaintiff does not oppose Defendant's motion, *see, e.g.,* Opposition, 6:12-13 ("Plaintiff defers to the Court on how to resolve the FOIA claim with a dispositive order"), Plaintiff notes that he is "primarily concerned with being the prevailing party" for purposes of determining whether he may request litigation costs pursuant to the Equal Access to Judgment Act ("EAJA"), 28 U.S.C. § 2412. Opposition, 6:19-22. Yet, the question whether Plaintiff is the prevailing party for purposes of seeking fees and costs is not before this Court on Defendant's Motion for Summary Judgment. That issue—and others[1]—will not be ripe for determination until and unless a final judgment is entered and Plaintiff timely files a motion seeking such relief. *See* 28 U.S.C. § 2412(d)(1)(B) (authorizing a party to petition for costs and fees under EAJA only after entry of "final judgment in the action"). Then, and only then, Plaintiff will have the burden of proving that he is the prevailing party entitled to EAJA relief. *See Reich v. King Plumbing and Heating*, 98 F.3d 147, 150 (4th Cir. 1996). Because Plaintiff's request for a determination of prevailing party status is premature, the Court should ignore the request and grant summary judgment as a matter of law.

///
///
///
///
///

---

[1] Plaintiff will likely argue he is the prevailing party for purposes of seeking attorney's fees in this case. Yet, the EAJA does not authorize attorney's fees for a pro se plaintiff. *See Merrell v. Block*, 809 F.2d 639, 641-42 (9th Cir. 1987); *Thorne v. Saul*, 2019 WL 3974088, *2 (S.D. Cal. Aug. 22, 2019); *cf. Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986) (held a pro se litigant may not recover fees under FOIA).

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion and issue judgment in favor of Defendant on the ground that Plaintiff has received the documents responsive to his FOIA request.

Dated: November 9, 2023

Respectfully Submitted,

TARA K. McGRATH
United States Attorney

*s/ Glen F. Dorgan*
GLEN F. DORGAN
Assistant United States Attorney

Attorneys for Defendant