UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN COHEN,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES COAST GUARD,<br><br>                              Defendant. | Case No.: 23-CV-0912-DMS-BLM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE AS MOOT** |

Pending before the Court is Defendant's motion for summary judgment (ECF No. 22). Plaintiff filed an opposition, (ECF No. 25), and Defendant filed a reply (ECF No. 18). Plaintiff subsequently filed a motion for oral argument. (ECF No. 29). For the following reasons, the Court denies Defendant's motion for summary judgment and dismisses the case as moot.

## I.

## BACKGROUND

On April 10, 2023, Plaintiff sent three requests to access documents from the National Guard Bureau, the United States Coast Guard, and the Federal Aviation Administration respectively pursuant to the Freedom of Information Act ("FOIA").

Defendants failed to respond within 20 days of the request as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Thus, on May 18, 2023, Plaintiff initiated separate suits against the agencies requesting compliance with his FOIA requests. *Cohen v. Nat'l. Guard Bur.*, 3:23-cv-00910-DMS-BLM (S.D. Cal. filed May 18, 2023); *Cohen v. Fed. Aviation Admin.*, 3:23-cv-00913-DMS-BLM (S.D. Cal. filed May 18, 2023). Since such date, the agencies have fully complied with Plaintiff's FOIA requests and Plaintiff does not seek any additional information. Each agency filed a motion for summary judgment asserting the same arguments and requesting a judgment on the merits in their favor. The claims are sufficiently related, and the Court dismisses all claims as moot, including the instant claim.

## II.
## LEGAL STANDARD

Article III of the Constitution limits the jurisdiction of federal courts to live "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.,* 653 F.3d 1081, 1086–87 (9th Cir. 2011) (citing *Burke v. Barnes,* 479 U.S. 361, 363 (1987)). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" of the litigation. *Pitts,* 653 F.3d at 1086–87. "If the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction." *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005).

## III.
## DISCUSSION

It is undisputed that Defendant has fully complied with Plaintiff's FOIA request and Plaintiff does not seek any additional information. "For specific FOIA request claims, after the agency produces all non-exempt documents . . .the specific FOIA claim is moot because the injury has been remedied." *Hajro v. U.S. Citizenship and Immigration Servs.*, 811 F.3d 1086, 1103 (9th Cir. 2016). Thus, the case is moot and must be dismissed

because the Court lacks subject matter jurisdiction. *Burrell*, 415 F. 3d at 998. "Lack of subject matter jurisdiction is properly a matter in abatement, and not properly disposable in a motion for summary judgment . . . It is therefore error to rule on a summary judgment motion or any other matter going to the merits where a court determines that it lacks jurisdiction over the subject matter." *O'Donnell v. Wien Air Alaska, Inc.*, 551 F. 2d 1141, n.4 (9th Cir. 1977).

## IV.
## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case with prejudice and **DENIES** Defendant's motion for summary judgment. Additionally, the Court **DENIES** Plaintiff's motion for oral argument as moot.[1]

**IT IS SO ORDERED.**

Dated:  December 4, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] Civil Local Rule 7.1(d)(1) states "A judge may in the judge's discretion, decide a motion without oral argument."  The Court exercised its discretion to decide the motion without oral argument.